UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT, | CASE NO. 1:11-cv-1975-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| MARTIN D. BITER, et al., | (ECF No. 2) |
| Defendants. | ORDER REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE IN FULL WITHIN THIRTY DAYS OR ACTION WILL BE DISMISSED |

Plaintiff Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is currently detained at Kern Valley State Prison. On November 30, 2011, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to section 1915(g) and is precluded from

proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.[1]

Plaintiff's Complaint does not set forth the statutory basis for his claims. It appears that he wishes to bring a First Amendment freedom of religion action. Plaintiff alleges that he is Jewish and requires kosher meals, but his requests for kosher meals are repeatedly denied.

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). While the Court should not delve into an overly detailed analysis of Plaintiff's claims in determining whether the exception is met, Plaintiff must set forth plausible allegations that, at the time of filing, he was under imminent danger of serious physical injury. Andrews, 493 F.3d at 1055.

Here, the Court finds that Plaintiff's allegations do not meet the imminent danger exception. There is no suggestion in the Complaint that at the time Plaintiff filed his Complaint, he was under imminent danger of serious physical injury arising from his inability to procure kosher meals. Therefore, Plaintiff's motion for leave to proceed in forma pauperis shall be denied.

Accordingly, based on the foregoing, the Court HEREBY ORDERS that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is denied;
2. Plaintiff is directed to submit the $350.00 filing fee in full within thirty (30) days; and

///
///

---

[1] The Court takes judicial notice of the following cases: Bryant v. Pacheco, et al., 5:09-cv-01306-UA-FMO (C.D. Cal.)(dismissed on 07/23/2009 as frivolous and for failure to state a claim); Bryant v. Briones-Colman, et al., 5:09-cv-01460-UA-FMO (C.D. Cal.)(dismissed on 08/17/2009 as frivolous and for failure to state a claim); and Bryant v. Hanks, et al., 2:10-cv-03199-UA-FMO (C.D. Cal.)(dismissed on 05/07/2010 for failure to state a claim).

3. If Plaintiff fails to pay the $350.00 filing fee in full within thirty (30) days, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated: June 27, 2012         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE

3